DAVIDSON
*vs.*
STUART ET AL.

## DAVIDSON *vs.* STUART ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE
JUDGE OF THE EIGHTH PRESIDING.

Property purchased during marriage, although it be conveyed to the wife alone, makes part of the community of acquests and gains.

The wife cannot bind herself as co-obligor conjointly with her husband, or as surety for the price of property purchased by her with her husband's consent, during the existence of the community, although the title and conveyance are made in her name.

This is an action on the following promissory note, to recover the amount from the makers thereof:

"On the first day of January, 1833, we promise to pay to Moses Moore, *or bearer*, the sum of three hundred and ten dollars, with ten per cent. per annum, until paid. Value received this 29th day of June, 1830."

"JAMES D. STUART,
MARY STUART."

"Secured by mortgage on a plantation, by act of mortgage of this date, November 24th, 1830."

"JESSE R. JONES, Parish Judge."

The defendant, Mary Stuart, answered separately, and averred, that when she signed the note sued on she was a married woman, and that it was given for a debt of her husband's contracting, which is not such an obligation as she is bound by law to pay; that she only signed the note as surety of her husband, which, by law, she could not do; it not being for a debt of her own, but of her husband's contracting. She prays to be dismissed.

Judge Jones, whose testimony was taken under a commission, testified, that the note sued on was given in part of the price of a tract of land purchased from Moses Moore, and that the act of sale was a conveyance from Moore and wife to Mary G. Stuart, the defendant, with the

authorization of her husband; that, judging from the act of <span>Eastern Dist.</span> sale, the note was not given as security for her husband, but <span>June, 1836.</span> for a purchase of her own.

The defendant, James D. Stuart, let judgment go by default; but from the judgment rendered against Mary G. Stuart, she appealed.

<span>DAVIDSON vs. STUART ET AL.</span>

*A. N. Ogden*, for the plaintiff, prayed for the affirmance of the judgment appealed from. He contended it was in accordance with previous decisions, and cited the case of *Sprigg* vs. *Bossier and wife*, 5 *Martin, N. S.*, 54.

*Brunot*, for the appellant, contended, that the evidence showed that the wife signed the note sued on while a married woman; and, it is not shown, that the debt was for something which the husband was not bound to furnish.

2. If a purchase in the name of the wife, with the authorization of her husband, could of itself bind her, the provisions of law which secure to the wife her separate property, would be of no avail.

3. The wife cannot bind herself for a debt of her husband; and to give to the form of the contract a character to bind her, is not sufficient, unless it is shown that it turned to her own separate use and advantage, which is not the case here.

*Bullard, J.*, delivered the opinion of the court.

This is an action upon a promissory note, signed jointly by the defendants, who, it appears, are husband and wife. The latter pleads that she is not liable, because she signed the note as security for her husband, and not for her own benefit.

It is shown that the note was given for part of the price of a tract of land purchased by the wife herself, with the consent of her husband.

It is clear the defendant is not bound, unless it be shown that the contract turned to her advantage, and was for something which the husband was not bound to furnish. Such has been the uniform decision of this court, in relation to the engagements of married women. 7 *Martin, N. S.*, 64.

EASTERN DIST. It appears that the conveyance was made to the wife
June, 1836. alone; and the Code declares, that the community of
DAVIDSON acquests and gains is composed, among other things, of the
*vs.*
STUART ET AL. estates which husband and wife may acquire during
Property pur- marriage, either by donations made jointly to them both, or
chased during by purchase, or in any similar way, even although the
marriage, al-
though it be con- purchase be only in the name of one of the two, and not of
veyed to the wife
alone, makes both, because the time when the purchase was made is alone
part of the com- attended to, and not the person who made the purchase.
munity of ac-
quests and gains. *Louisiana Code, article* 2371. If the land became at once
the property of the community, and the husband alone had
a right to alienate it, then the price which they promised to
pay was a debt of the community. In the case of Sprigg
*vs.* Bossier and wife, 5 Martin, N. S., 54, this court said
*arguendo,* "it is true the benefits of a purchase made by the
husband may be shared by the wife, but it is not true that
she becomes the owner of the property; for, he may sell it,
exchange it, or even give it away without her consent.
Had her name been inserted in the act of sale, she would
have held one half of the land in her own right. It could
not have been alienated without her consent, &c."

The wife can- The latter part of this sentence does not appear to us to
not bind herself
as co-obligor apply to such a case as the present, because the Code declares
conjointly with positively, that which ever of the parties makes the purchase
her husband, or
as surety for the during the existence of the community, the property pur-
price of property
purchased by her chased belongs to the community. The land for the price
with her hus- of which the note was given, is liable to be sold to pay the
band's consent,
during the exist- price, even without any judgment against the wife, there
ence of the com-
munity, although being already a judgment against the husband from which
the title and no appeal has been taken. But, we are of opinion, the
conveyance are
made in her plaintiff has not established by evidence, the legal liability of
name. the wife.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court, against Mary D. Stuart, be
annulled and reversed; and ours is in her favor, as in case of
a non-suit, together with the costs of this appeal.