<div style="margin-left:left">JOHNSON<br>v.<br>HAMILTON.</div>

required to be made within the year. One where the property of a succession is offered *at first* on a credit. Civil Code, arts. 1203, 1202. This is to prevent the property from being sacrificed; and the other, in case of a partition among the heirs. C. C. arts. 1247, 1248, 1249. Both in probate and in sheriff's sales, the appraisements are required for the protection and interest of the debtor. The creditor cannot get his money in cash unless the property brings the amount required; otherwise he must submit to a delay of twelve months. Now, if a sale for cash is not made, it matters not what might have been the appraisement. C. P. art. 990. The property of this succession was appraised at $48,583 25. This appraisement served as a basis at the offer to sell for cash; when so offered there was no bid to that amount, and it was then advertised on a credit. All this was in favor of the succession and adverse to the mortgage creditor. The appraisement completely affected the object intended by law, i. e. to prevent the sacrifice of the property by a forced sale for cash. 16 La. 555.

The judgment of the court was pronounced by

EUSTIS, C. J. This is an appeal from a judgment confirming a sale under the monition act of 1834. The proceedings under this act cover merely questions of form udicial sales. *City Bank* v. *Walden,* 1 An. Rep. 46.

There is nothing in the objection raised, concerning the title which the judge appended to his signature. The proceedings were in the Court of Probates, and the judge acted as the judge of that court, which is a part of the functions of his office as parish judge. Nor was there any necessity for the ministry of an attorney of absent heirs.

We consider this as an ordinary case in which an administrator was bound to sell mortgaged property of a succession for the payment of debts, and the judgment of the plaintiff against the succession rendered the sale indispensable. The objection to the original appraisement as the basis of the sale, we consider untenable. The advertisements appear to have been made in conformity with law.

We are of opinion that there is no defect of form in the sale which renders it invalid, and that the court below did not err in confirming it.

*Judgment affirmed.*

---

## ROWLY v. ROWLY et al.

Where a wife sues to establish her right to have the proceeds of property applied to the satisfaction of certain mortgages in her favor, in preference to a mortgage executed by her and her husband in favor of a third person to secure the payment of their joint and several notes, on the allegation " that her renunciation was not binding, because she was not instructed by the notary, before whom the act was passed, of the nature of her rights and of the contract, and that the requisites of the law to render such renunciation valid were not complied with, and that she acted in ignorance of her rights," the plaintiff cannot recover on the ground that, the debt for which the mortgage was executed was one for which she was not bound. The ground of nullity should have been specially alleged.

Laws intended for the protection of married women will not be extended to their assignees, who have no claim on the equity of the court by reason of their personal incapacities.

APPEAL from the District Court of Concordia, *Curry,* J.

*E. D. Farrar,* and *R. N.,* and *A. N. Ogden,* for the appellant. *Stacy* and *Sparrow,* for the defendant, *Cox.*

The judgment of the court was pronounced by

EUSTIS, C. J. This is an action in which the plaintiff claims precedence, resulting from her legal mortgage, and a special mortgage as established by judg-

ment against her husband, and reported in 19 La. p. 557. The appellee, *Daniel W. Cox*, and the minor heirs of the late *James Kemp*, whose mortgage rights are sought to be postponed to those of the plaintiff, are the defendants. The judgment was in their favor, and the plaintiff has appealed, so far as relates to the precedence given by the judgment to *Cox*. The court came to the same conclusion which we have adopted in the case of the heirs of *James Kemp*, as to the right of precedence claimed for their benefit.

The ground on which the plaintiff rests her right of precedence over the mortgage of *Cox* is, that " her renunciation is not valid and binding on her, because she was not instructed by the notary, before whom the act was passed, of the nature of her rights and of the contract she was entering into, and that the requisites of the law to render such renunciation valid and binding were not complied with; that she acted in ignorance of her rights, and that such renunciation is altogether irregular, null and void, as will appear by said act."

There is no objection other than this stated to the validity and binding effect of the mortgage of *Cox*. In that act, *Rowly* and wife acknowledged themselves to be justly and truly indebted to the mortgagee in the amount of the mortgage, and gave their notes jointly and severally therefor. If the debt was one of those for which the wife is not bound, she ought to have alleged it. In the case of *Dumartrait* v, *Deblanc and wife*, 5 Mart. N. S. 38, in which a married woman, separated of property but authorized by her husband, was sued on a note, executed by her, jointly and severally, with a third person, the court excluded evidence offered to prove that the debt did not inure to her benefit, but was given for the advantage solely of her co-obligor, on the ground that the special defence ought to have been made in the answer, that the plaintiffs might have been prepared to gainsay it. In the cases which have come before us of this kind, we have only given the wife relief against her contracts, on express allegations of the grounds on which it is claimed.

The obligation of *Mrs. Rowly*, by the notes and mortgage, is not attempted to be invalidated, except on the alleged defective and void renunciation in the act. But to give effect to that obligation, the postponement of her mortgage rights is necessarily implied and forms a part of the agreement of the parties, for she virtually binds herself that there is no mortgage to the prejudice of that which she executes, except one in favor of a bank, which is released in the act. It would be to carry into effect a fraud, to enable a married woman to set up a tacit mortgage to defeat her own act, the validity of which is not otherwise impugned.

We could remand this case for the purpose of enabling the parties to amend their pleadings, and receive evidence of the true appropriation of the loan from *Cox*, but the justice of the case forbids such a course; the mortgage was made in 1835, and time enough has been given to invalidate it, if any just cause existed in the conscience of the party supposed to be injured. The plaintiff has transferred her rights; and no principle requires the laws intended for the protection of married women to be extended to assignees, who have no claim on the equity of the court by reason of their personal incapacities.

*Judgment affirmed.*\*

---

\* *R. N.* and *A. N. Ogden*, for a rehearing. Art. 2412 of the Civil Code declares that, " *the wife, whether separated in property by contract or by judgment, or not separated, cannot bind herself for her husband, nor conjointly with him, for debts contracted by him before or during the marriage.*" Art. 12 of the Code declares that, " *what-*

ROWLY
*v.*
ROWLY.

*ver is done in contravention of a prohibitory law, is null and void, although the nullity be not formally directed.*" The mortgage in this case imports, on the face of it, that it is given to secure a debt contracted by the husband during the marriage, and for which the wife binds herself conjointly with him. The mortgage, it is true, states that it was for a loan made to them jointly. It was, however, not the less a debt contracted by the husband during the marriage ; he gave his notes, by which he bound himself *in solido* with his wife, for the whole amount, and she could not, therefore, bind herself conjointly with him. The court say : " If the debt was one of those for which the wife is not bound, she ought to have alleged it." The mortgage, on its face, shows that the debt was that of the husband, *and contracted by him to the extent of one-half of the loan.* It appearing on the face of the act itself, that it was a debt of the husband for that half, it was unnecessary for her to allege that it was a debt for which she was not bound. She sued for the sole purpose of having the mortgages classified, and their priority so established and determined, that a sale of the property might be effected. She alleges that Cox claimed precedence over her, on the ground that she had renounced her rights in his favor, but that the renunciation which she had made was informal, and consequently null and void. Cox joins issue with her on the validity of that renunciation, but does not attempt to strengthen it by any averment that the debt was contracted for her separate use and benefit, which would have been contradicted by the act itself. The *issue* then in the court below, was *exclusively* as to the validity of the renunciation and the effect of subsequent acts between the parties. The mortgage itself, which contains the renunciation of which Cox claims the benefit, is the strongest evidence to prove that at least one-half of the debt was that of her husband, for which the plaintiff could not bind herself. A wife has never been held liable for a debt contracted jointly with the husband, except when there was an averment that the debt was contracted for, or had inured to her separate use and benefit. 8 Mart. N. S. p. 407. The case of *Rawle v. Skipwith and wife,* 8 Mart. N. S. p. 407, was that of a notarial act, executed by the wife conjointly with her husband, and she was held liable ; but this act expressly stated that the debt was converted to the benefit of the wife. In *Davidson v. Stuart,* 10 La. 146, where the wife had bound herself conjointly with her husband, and where the consideration of the obligation was a conveyance made to the wife *alone,* the court decided that it was a debt of the community, and that the wife could not be liable. A loan made to a husband and wife jointly, becomes a debt of the community, unless, perhaps, where the wife has the administration of her paraphernal property, and borrows the money in the course of administration ; though even in that case it would probably come within the prohibition of the art. 2412 of the Code. Here the wife did not have the administration of her paraphernal property at the time the debt was contracted. The case of *Dumartrait v. DeBlanc,* 5 Mart. N. S., does not sustain the decision made in this case. It was the case of an obligation contracted by the wife, separated from the husband, and alleged to have been authorized by him. On the face of the obligation she was liable, and if there were any facts which destroyed that liability, it was incumbent on her to allege and prove them in her defence, and the court so decided. Here the case is different ; the pleadings on neither side present an *issue* as to the liability of the wife for the debt ; and the act on the face of it shows that she was not liable, making it necessary for Cox to aver and prove that the debt had been converted to her use and benefit. If Cox should bring a suit against her on that mortgage, to make her personally liable, without averring that the debt, although contracted by the husband jointly with his wife, was in fact for her use and benefit, without making any defence, she could, in case of judgment against her, relieve herself in this court by assigning, as error apparent on the face of the record, the absence of that indispensable averment. If judgment be not rendered in favor of the plaintiff, the cause should be remanded. The fact that the judgment has been assigned to a third person, is immaterial. All the rights of the plaintiff are vested in the assignee.

*Rehearing refused.*