No. 3746.—CARROLL, HOY & CO. *v.* ANN C. MANNING and her Husband.

The wife, whether separated in property from her husband or not, can not bind herself for his debts, nor can she bind herself conjointly with him for debts contracted by him before or during the marriage. 14 An. 700; 21 An. 525.

is incumbent upon a person who has contracted with a married woman, if he wishes to hold her, to see that the proceeds of the obligation she contracts inures to her separate advantage. 1 An. 428; 7 An. 293.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. *R. A. Hunter*, for plaintiffs and appellants. *James G. White*, for defendants and appellees.

LUDELING, C. J. The plaintiffs sued the defendant, a married. woman, on a promissory note, of which the following is a copy:

"$4,957 46.                                                    COTILE, La., July 1, 1867.

Six months after date we, or either of us, promise to pay to the order of Carroll, Hoy & Co., at the Canal Bank, in New Orleans, La., forty-nine-hundred and fifty-seven.dollars and forty-six cents, for value received, with interest at the rate of eight per cent. per annum after maturity until paid.                                    A. C. MANNING.

                                                                J. F. MANNING."

The plaintiffs alleged that the note was given for moneys advanced and supplies furnished for the benefit of the defendant, for her separate advantage and for the improvement of her paraphernal property.

The defense is, that the debt for which the note was given was an obligation of the husband, contracted by him in his planting operations, in which she had no interest, and that she did not receive any separate advantage therefrom, etc.

There was judgment for the defendant, and the plaintiffs have appealed. The evidence discloses the following facts: That the note given was for an account created by Dr. Manning in cultivating the plantation belonging to the succession of Meraday Neal; that the de-

fendant was the administratrix of the succession and tutrix of her·
minor children ; that the succession was not closed, and that it owed
debts, and that an undivided one-fourth of the residue of the property
of the succession, after paying debts, will belong to the defendant ;
that she is not separated in property from her husband. There is no
proof that any improvements were placed upon the property of the
estate, with the moneys received, nor that the moneys advanced or
supplies furnished were for her separate advantage. Under this state
of facts it would seem that the debtor was Dr. Manning and not his
wife, and that in signing the note she was binding herself for his debt.
It is for those who treat with a married woman to be on their guard
and see that the obligation she contracts inures to her separate ad-
vantage. Brandegee v. Kerr and wife, 7 N. S. 64 ; 10 La. 146 ; 4 R.
508 ; 2 An. 579 ; 5 An. 595 ; 1 An. 428 ; 7 An. 293. But in this case the
debt does not appear to have been created by the wife—she signed the
note, which was for an account created by her husband for his benefit.
The law forbids the wife from making such a contract. "The wife,
whether separated in property by contract or by judgment, or not
separated, can not bind herself for her husband, nor conjointly with
him, for debts contracted by him before or during marriage." C. C.
art. 2398 ; 12 An. 725 ; 14 An. 700 ; 21 An. 525.

It is therefore ordered and adjudged that the judgment of the lower
court be affirmed with costs of appeal.