## BABB *v.* BABB.

The plaintiff, holding land by conveyance through a third person from her husband, and also claiming in the land a homestead against her husband's creditors, no homestead having been assigned, cannot recover, by virtue of the homestead right, in an action of trespass *quare clausum* against her husband's creditor, who has set off the land upon an execution in his favor.

If any recovery can be had, it must be upon the validity of the plaintiff's title by the conveyance; and on a trial of the action the question of fraud in the conveyance is material.

TRESPASS *quare clausum*. The plaintiff claims title to the premises by deed from her husband through the intervention of a third person, and also a right of homestead against her husband's creditors. No homestead has been assigned. The defendant's title is

the set-off of the land upon an execution in his favor against the husband; and the defendant claims that the conveyance to the plaintiff was voluntary and in fraud of her husband's creditors. The jury were instructed that the plaintiff had a homestead right in the land of the value of $500, and if they should find the value of the land not to be greater than that sum, the question of fraud in the conveyance would be immaterial, and need not be considered, and the plaintiff could recover. The defendant moved to set the verdict aside, and for a new trial, on the ground of error in the instructions.

*J. C. Caverly* (with whom was *T. J. Smith*), for the defendant.

*Copeland & Edgerly*, for the plaintiff.

ALLEN, J. The plaintiff cannot recover in this action on any claim of a homestead right in the land, the homestead not having been assigned; nor in this proceeding could the jury rightfully determine the value of the land. *Tidd* v. *Quinn*, 52 N. H. 341, 343.

If the plaintiff can recover at all, it must be by virtue of her title derived from her husband's conveyance in fee simple; and if that conveyance was in fraud of his creditors, her title fails without regard to the value of the land, and notwithstanding her homestead right. If the conveyance was not fraudulent, the plaintiff's right of recovery would be clear. If fraudulent, though the question would then arise, whether, in spite of that fact, she would be entitled to a homestead on appropriate proceedings to assign and set it out, she could not recover in this action. The question of fraud in the conveyance was material upon the trial, and the instructions upon the subject were erroneous. The verdict is set aside, and a

*New trial granted.*

BLODGETT, J., did not sit: the others concurred.