No. 12,997.

JEAN MARIE COURREGE VS. MRS. CELINA M. COLGIN.

| 51 | 1069 |
|---|---|
| p113 | 330 |
| e1131020 | |
| 114 | 770 |

SYLLABUS.

1.  The fruits and revenues of the wife's separate property, administered by the husband, fall into the community.
2.  Where the husband, for the community, cultivates a plantation, the separate property of the wife, the indebtedness incurred in such cultivation is a liability of the community and the wife cannot be individually held for same.
3.  And this includes the ordinary repair account of the plantation, by which the same is kept in a fair state of preservation and deterioration prevented.
4.  This is to be differentiated from the expense incurred by which improvements of a substantial, permanent character are added to the wife's separate estate. In the latter case, the rule of law may well be invoked which holds the wife liable for the cost of such betterments whether she retains the administration of the property or abandons it to her husband.

Courrege vs. Colgin.

A PPEAL from the Nineteenth Judicial District Court for the Parish of Iberia.  *Voorhies, J.*

*L. O. Hacker* for Plaintiff, Appellant.

*Foster & Broussard* for Defendant, Appellee.

Argued and submitted January 12, 1899.
Opinion handed down May 1, 1899.

The opinion of the court was delivered by

BLANCHARD, J.  Defendant, a married woman, not separate in property from her husband, owned several tracts of land, or small plantations, which were her paraphernal property.  On one of these she lived, with her husband and children.

The husband, George Colgin, owned no property and was without means.

Plaintiff is a merchant, who makes advances of supplies and money to those engaged in farming.

In January, 1891, an account was opened with him and supplies and advances obtained with which the plantations belonging to the wife were cultivated and the family supported.

This continued down to January 31, 1895, when the account closed.

The proceeds of the cotton and sugar cane produced on the places were received by plaintiff and credited on the indebtedness resulting from the advances made by him.  A large balance was left due when the account was closed, for which a promissory note was given, signed by the wife and husband, payable February 1, 1896, with interest.

This note was not paid at maturity, and another was given for $3,124.70, representing the principal, with interest added, of the first note.

It was not paid, whereupon this action was instituted.

It does not purport, specifically, to be a suit on the note, though the sum for which judgment is asked in the petition is that named in the note.

The cause of action set out is that plaintiff sold and delivered to defendant articles of merchandise, provisions, farming cattle and implements, cash, and other plantation supplies for her own use and advantage and for the cultivation and improvement of her paraphernal

property; and the averment is made that on the 1st of February, 1896, defendant owed him the $3,124.70 aforesaid and promised to settle the same twelve months from that time.    He charges that the wife's property, to cultivate and exploit which the indebtedness was incurred, was under her administration, that he dealt with and gave the credit to her and not to him, that she and her separate property were directly benefited by the same, and that she was duly authorized by her husband in all her dealings with him.

The defense is that while the plantations cultivated are the separate property of the wife, the same were not under her control or administration, but under that of her husband; that a community of acquets and gains exists between them; that the account with plaintiff was opened by the husband, with whom plaintiff dealt and to whom the credit was extended; and that the indebtedness is that of the husband, or of the community, for which neither she, nor her separate property, is liable.    She denies that the indebtedness inured to the benefit of her separate property.

The judgment below rejected plaintiff's demand.    He appeals.

The evidence establishes that the husband, not the wife, had the administration of the paraphernal property.    The account, from the time when opened in January, 1891, down to September 15, 1894, was carried on the books of the merchant in the name of George T. Colgin, the husband.    From September 15, 1894, to January 31, 1895, when the account was closed, it appears to have been carried on in the name of the wife.

The wife did not authorize this substitution of her name.    Besides, changing the account to her name was of no consequence.    36 La. Ann. 626.    The dealings of plaintiff were with the husband, not the wife.    It was the husband who bought the goods, obtained the advances, and whose orders for supplies were honored.

It was he who delivered the crops to plaintiff or paid over the proceeds to him.    The wife did not figure at all in these transactions beyond, perhaps, a few minor purchases by herself individually at the store.    The contracts of the plaintiff were with the husband.    The credit was extended to him.

This wife did not cultivate her plantations, and the same were not cultivated by the husband as her agent, nor for her account and benefit.

The fruits and revenues of the wife's separate property adminis-

tered by the husband fell into the community and the debts contracted in such administration are community obligations. C. C. 2386; Van Wickle vs. Violet, 30 La. Ann. 1106; Chaffe vs. McIntosh, 36 La. Ann. 824; Pior vs. Giddens, 50 La. Ann. 216 (22 So. Rep. 338); Hall & Lisle vs. Wyche, 31 La. Ann. 734; Trudeau vs. Row, 22 La. Ann. 197.

That portion of the indebtedness contracted with plaintiff chargeable to the household expenditures of the family was mingled with the plantation account, was extended on the same basis of credit (that of the husband and the revenues of the property) and can not be viewed in any other light than as a community obligation, for which, under the circumstances here presented, and considering the situation of the parties, the wife and her separate estate can not be held liable at the suit of the plaintiff. C. C. 2389, 2395, 2425; Choppin vs. Harmon, 24 La. 327.

But plaintiff urges that the wife is liable for that portion of the indebtedness which is shown to have been for those things or articles, which by their nature and character entered into the permanent improvement of her separate estate, and he *culls* from the account, beginning with June 27, 1893, and ending with January 23, 1895, the items under this head, aggregating $303.75.

An examination of the items show them to have been purchases of nails, staples, fence-wire, fence posts, hinges, screws, locks, lumber and lime, all in small quantities, and one item of $35 for building cabins, and another of $17.50 for building a crib.

Even if these expenses are considered as rightly coming under the head of betterments or permanent improvements put upon her paraphernal property, and if viewed as adequately proven, they are entitled to be considered paid in whole or in part by the credits received by plaintiff from the crops and proceeds of crops raised on the places.

In other words, plaintiff can not be permitted to cull out these items of indebtedness so as to deprive them of all benefit of the credits he has received, apply such credits exclusively to other items of indebtedness in the common account, and hold the wife for the aggregate sum of the items exculpated from the benefit of the credits. There would be gross inequity in this. The husband and the community, of which he is the head, incurred this indebtedness and put these things on the plantation for his and its benefit; the revenues of the place belonged to the community; as such they were received by the

plaintiff and credited on the account, and the sums so received entered into the payment *pro tanto,* as far as they went, of each and every item on the account.

Besides, we are not impressed that the items of expense so culled out are entitled to be classed as improvements on the plantation. Most of the items, indeed all, unless it be the two for cabins and crib, are rather to be viewed as for current repairs—repair account—and like those on another list furnished by plaintiff, of items used in the cultivation of the plantation, must be held as liabilities of the community and not of the wife.

Where the husband, for the community, cultivates a plantation, the separate property of the wife, the indebtedness incurred in such cultivation is a liability of the community, and the wife can not be individually held for same. And this certainly includes the ordinary repair account of the plantation, by which the same is kept in a fair state of preservation and deterioration prevented.

This is to be differentiated from the expense incurred by which improvements of a substantial, permanent character are added to the wife's separate estate, thereby appreciably enhancing the value of same. In the latter case that rule of law may well be invoked which holds the wife liable for indebtedness incurred for the improvement of her separate property whether she retains its administration or abandons it to her husband.

Plaintiff claims he paid taxes on the property. He did not produce the tax receipts and his evidence of the payment of taxes was objected to and bill reserved on the ground that the best evidence of such payment was the receipts themselves. Besides, his testimony was to the effect that he gave the money to defendant's husband to pay the taxes. This is not sufficient to establish that the taxes were actually paid by plaintiff. 24 La. Ann. 142. And if they were, such items of indebtedness, charged as they were on the common account, are, too, entitled to share in the benefits of the credits plaintiff received from the proceeds of the crops raised on the plantations.

Besides all this, the community, enjoying as it did, the usufruct of the wife's landed estate, ought in good conscience to be chargeable with the taxes on the same.

We find no sufficient warrant for disturbing the judgment of the court *a qua* and the same is affirmed.

68

Mr. JUSTICE MONROE takes no part, the case having been submitted before he became a member of this court.