(38 South. 554.)

No. 15,426.

Succession of SANGPIEI

(May 8, 1905.)

HUSBAND AND WIFE—LIABILITY OF WIFE—
AGENCY.

1. The husband who administers separate property of his wife in his own name, as head and master of the community, treats it as his own, and, when the property is sold, receives part of the sale, is the liable person, and the community he represents. The paraphernal property of the wife cannot be made available for the collection of the debts contracted by the husband.

2. The wife had not authorized the husband to act as her agent, and nothing shows that she expected him to or desired that he should act as her agent.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

In the matter of the succession of Mary Sangpiel, widow by first marriage of C. W. Rieder, and wife by second marriage of Frank Martin. The Jackson Brewing Company, opponent, appeals. Affirmed.

George Joseph Untereiner, for appellant Jackson Brewing Co. Emile Pomés and William Aristée Wenck, for appellee Teutonia Bank & Trust Co. Dinkelspiel & Hart, for appellee S. A. Seeskind. E. M. Cahn, for appellee Imperial Shoe Store. A. E. & O. S. Livaudais, for appellee Standard Distilling Co. Frank Edward Rainold, for appellee New Orleans Carpet & Matting Co. Arthur John Peters, for appellee J. J. Hecker. E. J. Méral, for appellee Aug. Glaudot, Jr. Arthur B. Leopold, for appellee Arnold Falk. John N. Ogden, for appellees Preston & Stauffe. McCloskey & Benedict, for appellees L. O. Jung, Jules Koenig, and A. Dumser & Co. Robert John Maloney, for appellee Orleans Undertaking Co., Limited. P. A. Simmons, Jr., for appellee Chas. Feahney. Dart & Kernan, for appellee Dreyfous Co., Limited. R. Emmet Hingle, pro se, and for appellees Joseph A. Magnus & Co.

BREAUX, C. J. The Jackson Brewing Company, opponent and appellant, alleges that it is a creditor of the estate of the late Mrs. Martin, for beer sold and money advanced to Mrs. Martin, in the sum of $584.60, with legal interest.

Mrs. Martin was the wife of the late Charles W. Rieder, who died in 1901. He left two children, issue of his marriage, and property, part of which consisted of a barroom. One half of the property was hers as widow in community, and the other half belonged to her minor children. Frank Martin was her barkeeper.

After his death Mrs. Martin became the tutrix of her children.

In June, 1902, Frank Martin married Widow Rieder. The barroom business continued, and Martin remained in charge. In June, 1903, Mrs. Martin, under proceeding of court, became the adjudicatee of the half interest of her children in the community of which she was the surviving partner. A few days prior to her death, which occurred in October, 1903, she sold the barroom for $4,500. $3,000 of this amount was deposited to the credit of Mrs. Martin, and $1,500 was retained by her husband, Frank Martin.

The contention of the opponent is that Martin was the agent of Mrs. Martin, his wife, and that, in consequence, her succession is the debtor.

The Teutonia Bank & Trust Company was appointed tutor of the minors, who have inherited the property. It filed an account, and did not charge the succession with the amount claimed by opponent.

The charge of the opponent is that the husband dealt with it (the brewing company) solely on the credit of his wife, and as her agent. That the property became property of the community to the extent that new goods were replaced by old goods in the business.

That the wife cannot sell the property thus acquired, and at the same time be relieved from paying the debts. That she is estopped by taking the proceeds of the business.

The proposition upon which opponent bases its demand is not sustained by the facts, except to some extent, perhaps, to which we will refer in the course of the discussion.

It is true that the opponent and Charles Rieder were in account, and that the account was continued, after the death of the latter, with his widow.

It is equally true that after the marriage of Martin with Mrs. Rieder the business was in the name of "Rieder House, Frank and Henry Martin, Proprietors."

There is testimony that Frank Martin managed the business as the agent of his wife. But the weight of the testimony shows that he was the head and master; that he managed the whole business for his own account. The licenses were taken out in his name. The bills were made out in his name; the deposits also. The business had every outward appearance of being his. His wife was ill, and could give it no care and attention. In the course of affairs it fell into his hands, and, as there was no agency, it follows that it came to him as master in community. There must be proof of agency of the husband in order that the creditors may collect from the wife. Here the husband did not deal with the creditors as agent of his wife, but in his own name. We do not think that the fact of agency is sustained. The record fails to disclose satisfactory proof on this score.

The law creates a presumption regarding the debts as due by the community under these circumstances, which has not been rebutted in this case. Trezevant v. Sheriff, 38 La. Ann. 146; Hall and Lisle v. Wyche, 31 La. Ann. 734; Van Wickle v. Violet and Wife, 30 La. Ann. 1106; Pior, Tutor, v. Giddens et al., 50 La. Ann. 216, 23 South. 337; Courrege v. Colgin, 51 La. Ann. 1069, 25 South. 942; Berwick v. Sheriff, 49 La. Ann. 201, 21 South. 692.

The next proposition advanced by the opponent is that the personal property which replaced that which had been sold by the husband fell into the community and became available for payment of the community debt.

The first difficulty the opponent encounters in this contention is that it is not shown that there was any such property; if there was, it did no more than replace as to value the property of the wife which the husband sold.

It follows that it is not shown that the paraphernal property was added to under the régime of the community.

To the extent that she owned personal property, and it was replaced after its sale without adding further value to the stock, she is not on that ground a debtor of the community. She is entitled to the credit allowed her on the basis of the inventory of her assets, which was paraphernal property.

She, in settlement, did not receive the whole amount put in. The legal representatives of her minor children are not estopped. They have not been advantaged by the administration of the husband. The wife is not shown to have received anything at the hands of the opponent which she retained.

The brewing company dealt with the husband. He, being now financially irresponsible, does not render it possible to charge the wife with his debts.

We have found no ground to amend the account.

The judgment is affirmed.