———o———

No. 4653.

Court of Appeal, Parish of Orleans.

IN RE STATE REALTY COMPANY, LIMITED, PRAYING FOR WRIT OF POSSESSION.

1. The simple allegation that the adjudication of certain property to the State for delinquent taxes and the subsequent sale of the property by the State under the Auditor's deed to a third person are "null and void and of no effect" is an averment of a conclusion of law and not an allegation of facts and cannot therefore serve as the basis for a cause of action.

2. A supplemental petition for injunction, which supplies what was totally omitted in the original petition, the allegation of facts necessary to entitle the petitioner to an injunction, must be sworn to.

3. A married woman may not stand in judgment in her own name to recover property purchased by her, without averring, or otherwise showing that the property sued for and which she avers was pur-

—198—

Appeal from Civil District Court, Division "D."

F. R. Richardson, Appellee.

Daly, Humphrey & Bahns, Appellant.

MOORE, J. The State Realty Company, Limited, sued out a writ of possession for certain real property averring its title thereunto under deeds from the Auditor of the State of Louisiana, and alleging that one Eugene Ibos claimed the property.

This proceeding was met by an injunction obtained on the petition of Mrs. Marie Dastague, wife of Eugene Ibos, her husband appearing therein solely for the purpose of authorizing his said wife, the allegations of her petition being that she is the owner of the property and that the auditor's deeds under which the State Realty Company claims title "are null, void and of no effect."

No specific ground or grounds of the alleged nullity of the Auditor's deeds being set up and the petition containing no allegation that the property which Mrs. Ibos alleges she acquired by purchase, was so acquired with her separate funds under her separate administration and control or that the property was thus or otherwise her separate paraphernal property, and not such appearing by the exhibition of any little deeds, the defendant in injunction filed its exception to the petition, urging: "1st. That the petition is vague, general indefinite and insufficient. 2nd. That there is a misjoinder of parties; and 3rd. That the petition discloses no cause of action."

The exception of vagueness was sustained and plaintiff allowed five days in which to amend. Thereafter a supplemental petition was filed by Mrs. Ibos in which she specifically sets forth the grounds of nullity of the Auditor's deeds. This supplemental petition is not sworn to nor does it any more than the original petition contain any allegation as to the separate and parphernal character of Mrs. Ibos' ownership of the property.

Thereupon the defendant in injunction repeated its exceptions originally filed, adding thereto the exception that the

supplemental petition was not sworn to.

The exceptions were maintained and Mrs. Ibos appeals.

The original petition in injunction, pretermitting for the moment the question of the right of Mrs. Ibos to stand in judgment, is absolutely barren of any allegation of fact which could possibly put at issue the validity and legality of the title of the State Realty Company.

Its sole allegation concerning this is, that the "adjudications (to the State) and Auditor's deeds (to the company) are null, void and of no effect, and cannot in law effect (sic) petitioner's title and possession of the property hereinabove described." These are mere conclusions of law and not averments of facts.

In the supplemental petition, however, four separate and specific averments of facts are made as the basis for the legal conclusion that the title of the "adjudications to the State and the Auditor's deeds to the Company, are null and void, etc." The supplemental petition is, therefore, the *only* petition which sets forth any reason why an injunction should issue; but this petition is not sworn to, Art. 304 C. P., and for this reason, if for no other, the exceptions were properly maintained. Richardson vs. Durkgrave, 26 A. 651, 653; Hart vs. Connolly, 49 A. 1587-1589.

In the latter case the objection to the supplemental petition on the ground that it was not sworn to was held to be without force, but this was based solely on the ground that the allegations of the original petition were sufficient to authorize the writ, no substantial change being made in the supplemental petition. In the instant cause, as we have shown, it is the supplemental petition alone that contains the necessary allegations.

Aside from this ground however, the exceptions were properly overruled, because the plaintiff in injunction, being a married woman, the law presumes that all acquisitions made by her were made for the benefit of the community of which the husband is the head and master, and in whose name alone all suits concerning such property must be brought. C. C. 2402 et seq.; 29 A. 520; 10 La. 146; 41 A. 240; 41 A. 274; 15 A. 119; C. C. 2404.

The husband must sue in matters affecting the community.

A judgment in favor of the wife is invalid. 25 A. 157. For these reasons the judgment appealed from is affirmed.

March 8th, 1909.

Rehearing refused March 22nd, 1909.