His Honor, EMILE G-ODCHAUX,
rendered the opinion and decree of the ’Court, as follows:
Plaintiff seeks to hold the defendant, Mrs. Kearns, wife of B. H. Kearns, liable on a note executed by her *29 and in fact used for the purpose of paying, discharging and retiring a prior note executed by her husband in his own name during the community which existed between them.
Since the prior note of the husband is presumptively ax least a community debt which the wife could neither assume nor pay, plaintiff has directed his efforts, towards establishing that it in fact evidenced a loan contracted and .actually employed by the husband, as agent of the wife and for her sole advantage, jn making improvements, such as the installation of a bathroom and sewer connections upon property forming part of her separate, paraphernal estate.
In our opinion plaintiff has not proved with the degree of certainty required either the agency or the fact that the proceeds of the loan were used to pay for the improvements in question. The improvements were installed in April, 1911, and the loan, negotiated in May of that year, was made to the husband in his own name and not as agent of the wife, the plaintiff himself testifying that lie thought at that time the property belonged to the husband or the community and not to the wife, in fact the evidence shows without contradiction he was not aware of the wife’s ownership until a short time before the date, namely, April, 1912, when she was prevailed upon to substitute her own note'for that of her husband upon the latter’s threat of cancelling .a certain policy of insurance which he carried in her favor.
The wife testifies that she knew nothing whatever of tbe loan until April, 1912, when she unwillingly assumed it; and though she was cognizant of the fact that the improvements -were being made, she swears that the cost thereof was met and paid in' cash from the revenues de *30 rived from her property, which according to an account furnished by plaintiff himself, yielded in current rents an amount ample for that purpose.
The only testimony that at all tends to support plaintiff’s case is that of the husband, a witness whose attitude is frankly inimical to the wife. He testifies that the improvements were paid for by him by means of sundry cheeks which he gave to the contractors against the proceeds of the loan. But he does not produce the checks, and when a,statement of his checking account with the bank is exhibited to him, he is unable to identify a single item thereon as having been used to that end. Moreover, one of the contractors, called as a witness by plaintiff, testifies that he was paid in cash, thus corroborating the wife’s testimony and casting doubt upon that of the husband.
An analysis of the evidence therefore discloses that in order to establish the husband’s agency and the fact that the proceeds of the loan enured to the advantage of the wife, plaintiff relies exclusively upon the doubtful and wholly uncorroborated testimony of the husband.
It is insufficient for that purpose; for the debt contracted by the husband during the community is presumed to be for his advantage or that of the community, and this presumption yields only to positive proof that the consideration enured to the wife’s separate benefit.
Prudhonume vs. Edens, 6 R., 64.
Chauviere vs. Fliege, 6 A., 57.
Succession of Sangpiel, 114 La., 767.
It is accordingly adjudged that the judgment, in so far as it condemns Mrs- Mary Quilter, wife of Bernard J. Kearns, be annulled and reversed, and it is now decreed *31 that as to the said Mrs. Mary Quitter, wife of Bernard J. Kearns, plaintiff’s suit be dismissed at his costs in both Courts.
Opinion and decree, November 27th, 1915.
Rehearing refused, December 6th, 1915.
Reversed.