SAMUEL JAMISON *v.* THE CITY OF NEW ORLEANS.

A judgment homologating the assessment for expense of opening a street, voluntarily executed, has the force of the thing adjudged.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.

*T. Gilmore,* for plaintiff. *J. Livingston,* for defendant and appellant.

MERRICK, C. J. The plaintiff having been assessed four hundred dollars for the opening of Benton street, after the homologation of the assessment, paid the same.

*Maunsel White,* against whom there had also been an assessment, appealed, and the Act of 1832, under which it was made, was declared to be unconstitutional, and the judgment was reversed. 9 An. 446.

The plaintiff, who had not appealed, brought this suit to recover back the money paid by him under the assessment.

It is urged by the defendant that the judgment voluntarily executed by the plaintiff has the force of the thing adjudged.

On the other hand, it is urged by plaintiff that the judgment in favor of *Maunsel White* enured to the benefit of all the property holders who were assessed, and that it is unjust that the city should retain plaintiff's money while the other parties in interest were discharged by the judgment from all liabilities, and while there was no liability on the part of the city to open the street.

We think that the exception taken by the defendant must be sustained. The appeal of *White* and others from the homologation of the assessment under the Act of 1832, could only benefit the appellants. Aside, therefore, from the recent decisions overruling the case of *White* v. *Municipality No. Two,* 9 An. 446, the homologation of the assessment must be considered as having the force of the thing adjudged, as between the present parties. See *Yeatman* v. *Crandell,* 11 An. 220, and the case of *The Draining Company,* 11 An. 370.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment against the demand of the plaintiff, and that he pay the costs in both courts.

BUCHANAN, J., took no part in this decision.