No. _____

First Circuit Appeal.

---

MITHRIDATE BILLAUDEAUX v. LASTEE MANUEL ET AL.

---

(December 30, 1924, Opinion and Decree.)

(February 18, 1925, Rehearing Refused)

(Writs of Certiorari and Review to Supreme Court.)

(See 105 South. 256, 159 La. ——.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest, Marriage.—Par. 186; Garnishment.—Par. 16.**
In a garnishment under an attachment, as provided by Code of Practice, Article 241, the property of the debtor can be seized in the hands of a third person by whatever title the same be held, "either as a deposit or placed under their custody". Art. 246 of the Code of Practice makes no change as to the character of possession referred to. The widower has a legal unsufruct of the estate of his deceased wife as the surviving husband in a community but not that of an heir of his wife by a former marriage. Held, that the possession of the surviving husband in community and his possession of the interest of the heirs of his wife by

former marriage are not the character of possession contemplated by Arts. 241 and 246 of the Code of Practice.

(Civil Code, Arts. 916, 940. Editor's note.)

2. **Louisiana Digest, Garnishment.—Par. 43.** A garnishment against the surviving husband of the interest of an heir of the wife by a former marriage conferred no privilege on the funds in the contest.

Appeal from the Parish of Evangeline. Hon. B. H. Pavy, Judge.

This is a suit against an heir of an estate accompanied by attachment and garnishment. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

E. B. Dubuisson, J. H. Dore, of Opelousas, attorneys for plaintiff, appellant.

Guillory & L. Fontenot, of Ville Platte, attorneys for defendant, appellee.

MOUTON, J. Ophelia Chapman died, leaving an estate in community with Mithridate Billaudeaux, her surviving husband. The deceased had left several heirs by a previous marriage, viz: Durand, Lastee, Eusire and Sidonia Manuel. On a rule on the Sheriff judgment was, on the 4th of January, 1922, rendered by the District Court recognizing Mithridate Billeaudeaux as surviving partner in community and sending him in possession of the Estate in the proportion of four eighths thereof and also placing Durand Manuel and the other heirs of deceased aforesaid each in possession of one-eighth of the succession. On the same date, Jan. 4th, 1922, Durand Manuel, by authentic act, sold all his rights, title and interest in the Estate to Henry Lafleur. Dec. 31st, 1921, on the application of J. Z. Fontenot and Co., a writ of attachment was issued against Durand Manuel, also garnishment process, directed to Mithridate Billeaudeaux, with accompanying interrogatories, thereto annexed.

These interrogatories were, on Jan. 3rd, 1922, served on Mithridate Billeaudeaux, who filed his answer thereto on the same date. In this answer he stated he had in his hands and under his control all the property mentioned in the succession of Ophelia Chapman, in which Durand Manuel owned an undivided one-eighth interest. These interrogatories were therefore served on Mithridate Billaudeaux one day prior to the sale by Durand Manuel of his interest in the Estate of his mother to Henry Lafleur.

In partition proceedings, all of the property of the estate was sold and the funds realized from the sale were distributed by the notary appointed to make the partition. The amount coming to Durand Manuel was, by the notary, deposited in the registry of the Court due to the contentions involved in litigation between J. Z. Fontenot Co., plaintiff in garnishment proceedings, and Henry Lafleur in reference to these funds. The District Judge ordered the notary to turn over the sum so deposited to Henry Lafleur, refusing at the time to recognize the privilege claimed by J. Z. Fontenot Company thereon, as resulting from its garnishment of the undivided interest of Durand Manuel in the alleged possession of Mithridate Billeaudeaux, prior to Durand Manuel's sale to Henry Lafleur.

Counsel for Henry Lafleur, appellee, contends that an interest in a succession cannot be seized. Here, the Sheriff seized all the rights, credits, monies or other property coming to Durand Manuel in the Estate of Ophelia Chapman. In Boisse vs. Dickson, 31 La. Ann. 741, the Court recognized as valid the seizure of the undivided interest of an heir in a succession without the necessity of reducing any specific property to possession. Such a seizure is also authorized by Article 241, C. P. Counsel for appellee contends also that as notice of

seizure was served on Durand Manuel on the 7th of Jan. 1922, after he had sold his interest to Henry Lafleur, it was not effective.

Article C. P. 246 says that property in the possession of a third person, belonging to defendant, etc., shall be decreed to be levied as by the Sheriff, from the date of the service of the interrogatories on such persons.

In Re. New Orleans Drainage Co., 12 La. Ann. 346, the Court held that when in an attachment suit the party garnished acknowledged in his answer to the interrogatories that he has property in his possession belonging to defendant—which is the situation here—that it is not necessary there should be a seizure by the Sheriff to support the attachment. Under the provisions of Article 246, C. P., and the decision above referred to, the service on Billeaudeaux of the interrogatories was sufficient to effect a seizure although service thereof was made on defendant subsequently thereto, if Billeaudeaux could be legally brought into Court as a garnishee under the attachment. The determination of this question presents the vital issue in this case.

The mandate of seizure authorizing the seizure of the property of the debtor in the hands of third persons is conferred in attachment suits by Article 241 C. P. This article says the property can be seized whether it is in the hands of the debtor or in that of third persons by whatever title the same be held, "either as deposit or placed under their custody." The garnishment process provided for by Article 246, C. P., makes no change as to the character of possession referred to in Article 241, above quoted. In the instant case, Mithridate Billeaudeaux had the legal usufruct of the Estate of his deceased wife, Ophelia Chapman, as surviving husband in community. His possession was that of a usufructuary, and the control of the property of the Estate referred to in Hawley vs. Crescent City Bank, 26 La. Ann. 230, cited by counsel for appellant, was conferred upon him as surviving husband in community, until the debts of the succession were paid. The possession as usufructuary was granted him by law for his personal benefit, and the control of the community property as surviving spouse was conferred upon him for the administration of its effects until the debts of the community were settled. As surviving husband his possession was in the interest of the creditors, if there were debts; and as usufructuary, for his individual advantage. This character of possession is not the one contemplated under Article 241, C. P., where it says, by whatever title the property is held by third persons, "either as deposit or placed under their custody." A succession is acquired by the heir immediately after the death of the deceased. C. C. 940. The right of possession which the deceased had is continued in the person of his heir, C. C. 940. When the service of the interrogatories was made on Billeaudeaux, the legal right to the possession in proportion to his undivided interest, was vested by operation of law in Durand Manuel. He had not divested himself of this right in favor of Billeaudeaux or anyone else, nor had he authorized Billeaudeaux to take possession, in fact or otherwise, of his interest in the Estate, as "depositor, custodian," or by any other title whatsoever.

We, therefore, hold that Billeaudeaux did not have the possession of the interest of Durand Manuel in the Estate to authorize process against him as a garnishee under the attachment suit instituted by J. Z. Fontenot & Co., against Durand Manuel. The garnishment conferred no privilege on the funds in contest in favor of the Fontenot Company, which were correctly awarded to Henry Lafleur by the District Court.

Affirmed.