MARY MEADOWS *v.* ROBERT L. DICK, her husband.

In a contest of title between husband and wife, and when the property given to the wife has been entrusted to the husband as her agent, he cannot set up the plea of prescription.

Where the husband has no adverse title, he cannot defeat his wife's claim to property on account of technical defects in her title, nor can he, being her agent, refuse to surrender the property on account of defects in the title of his principal.

APPEAL from the District Court of the parish of Union, *Egan, J.*
    *Baker & Harris* and *J. L. Barrett*, for plaintiff and appellant. *McGuire & Ray*, for defendant.

COLE, J. The petitioner alleges she is the owner of certain negroes, and is entitled to the separate administration and control of the same ; she prays to be decreed their owner, to be vested with their separate administration, and also to be divorced from her husband.

There was judgment of nonsuit, and plaintiff has appealed.

It appears from a " deed of gift," executed in Alabama in 1849, that the father of plaintiff donated to her two slaves, one of which has since had three children.

Petitioner and her husband were married together in the State of Alabama in 1836, and moved to Louisiana in 1840 ; they brought with them *Martha,* one of the slaves mentioned in the act of donation, who had been loaned to plaintiff by her father for a nurse.

Afterwards, they visited Alabama, and on their return in 1847 brought with them *Peggy,* the other slave named in the deed.

The evidence clearly establishes, that the slaves were loaned to the wife for her use and subsequently were donated to her.

Defendant avers that he has been in possession of them, as owner, for a time sufficient to perfect the prescription applicable to slaves, and pleads the same ; he further avers that the private act of donation can have no legal effect, and that the parol evidence was inadmissible.

When the contest is between husband and wife, and property given to the wife has been entrusted to the husband as her agent, the husband can not set up the plea of prescription. C. C. 3489.

It would also be improper to allow the husband, when he has no adverse title, to defeat his wife's claim on account of technical defects in her title ; he receives the property as agent, he cannot change the nature of his tenure, nor can he, as agent, refuse to surrender it on account of defects in the title of his principal.

The allegations for a divorce are not sustained.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed ; further, that plaintiff is decreed to be the owner of the slaves described in the petition, to wit : of *Peggy,* of *Martha* and her three children, *Ann, Elias* and *Sylva,* and the separate administration of said slaves is given to plaintiff ; it is further ordered and decreed, that the writ of sequestration sued out by plaintiff be sustained, that the Sheriff of the parish of Union be and is hereby ordered to deliver said slaves to plaintiff : it is also ordered, that there be judgment, as in case of nonsuit, for the claim of plaintiff for a divorce from defendant, and that defendant pay the costs of both courts.