## PHŒBE E. DAVIS v. WILLIAM H. COMPTON and Sheriff.

The property of the community is liable to seizure, for the debts of the husband contracted before the marriage.

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *Todd & Brigham*, for plaintiff. *McGuire & Ray*, for defendant and appellant.

COLE, J. The sole question in this case is, whether the property acquired during marriage is liable to be seized and sold on execution, to pay a judgment obtained against the husband before marriage.

Art. 2372 C. C. declares, that " the debts of both husband and wife anterior to the marriage, must be acquitted out of their own personal and individual effects."

This Article must be interpreted in connection with Article 2373 of the same Code, which pronounces the husband to be the head and master of the partnership or community of gains, and permits him to administer its effects, dispose of the revenues which they produce, and alienate them by an encumbered title, without the consent and permission of his wife.

Art. 2372 entitles either the wife or husband, when debts of either originating before marriage have been paid out of the community, to be reimbursed the amount so paid at the dissolution and settlement of the community.

As the husband has the right to alienate the effects of the community without the consent of his wife, creditors of the husband before marriage ought also to have the right to seize the effects of the community to satisfy their claims. 2 An. 226, *Grice* v. *Lawrence, Syndic* ; 3 An. 615, *Glenn* v. *Elam*.

Moreover, the wife has only an eventual interest in the community, and may never accept it.

Defendant has asked for an amendment of the judgment, so as to allow him interest and damages on the amount of the judgment enjoined.

The damages were properly disallowed by the District Judge ; the statute would compel us to accord sufficient interest with that which the judgment already bears, to make it amount to eight per centum per annum, but as the record does

not disclose the rate of interest of the judgment, we are bound to suppose that the District Judge did his duty, and that no interest was allowed, because the judgment bore already eight per centum interest.

Judgment affirmed.