No. 121.—H. MARKHAM *v.* D. R. ALLEN, Aministrator, et al.

The heir and widow in community have the legal right to partition and divide the community property.

If a partition of the community property has been made between the heir and the surviving widow, a debt that was contracted by the husband before the marriage, is chargeable to that portion which has fallen to the heir, and not to the share of the community belonging to the wife.

APPEAL from the District Court, parish of Caddo. *Levisee, J. T. T. Land* and *J. W. Jones,* for plaintiff and appellant. *Egan, Williamson & Wise,* for defendant and appellee.

LUDELING, C. J. This suit is brought against the administrator of the succession of William A. Sims and Mrs. Elvira Sims, widow in community of G. W. Sims, deceased, on an account stated against George W. Sims. This suit is to make the succession of William A. Sims, the heir, and Elvira Sims, the widow of G. W. Sims, pay the debt.

It seems that immediately after the death of George W. Sims, his son, W. A. Sims, accepted the succession unconditionally, and took possession thereof as sole heir. In a settlement with the widow in community, he transferred to her a part of the property, which was found in possession of George W. Sims, at his death.

This is complained of by the plaintiff as having been done in fraud of creditors and as a simulation. The plaintiff further contends that the

widow thereby rendered herself liable individually for the debts, as an intermeddler; and he further contends that the community property is liable for the individual debts of the husband.

The evidence does not sustain the charge of fraud or simulation.

The heir had a right to take possession immediately after the death of his father—" *le mort saisi le vif;*" and he thereby became the absolute owner of the property, and liable for the debts of the deceased.

George W. Sims and Elvira Sims were married in August, 1861; the property in the possession of the deceased, when he died, is presumed to be community, and no proof was made to rebut this presumption. C. C. art. 2374.

There was nothing unlawful or unusual in the heir and widow in community making a partition of the community property.

The debt sued on was contracted by G. W. Sims before the marriage between him and Elvira Sims, consequently it must be acquitted out of his own individual property, and not out of the share of the community belonging to the wife.   C. C. art. 2372.

The judgment against the succession of William A. Sims, and in favor of the defendant, Mrs. Elvira Sims, is correct.

It is therefore ordered that the judgment of the lower court be affirmed, with costs of appeal.