## No. 5061.

O. K. HAWLEY, Public Administrator and his successor J. M. WELLS v. CRESCENT CITY BANK et als.

The defendants in injunction took a bill of exceptions to the permission granted by the court *a qua* for an amended petition to be filed by the plaintiff on the ground that the suit being an injunction one, all the matters of law or fact that can justify the issuing of such process could and should only be alleged and pleaded in the original petition.

The ruling of the court was correct. The amended petition contained only the plea of prescription which may be pleaded at any stage of the proceedings.

The debts of the community during its existence are the debts of the husband. The property of the community is liable for the payment of them. Even more, the community property may be taken to pay debts of the husband contracted before the marriage. On the dissolution of the community by the death of the wife, the responsibility of the husband in regard to the community debts, is not changed. He is absolutely and personally bound for their payment; and his separate property may be seized and sold for their acquittal.

Hence the community property justly comes under his control until the debts are paid. Before their final settlement and discharge, the heirs have no absolute rights to the property of the community that can be legally recognized. Their interest in it continues contingent and uncertain until, by the result of the final discharge of all the obligations of the community, it is known whether or not there are assets remaining for partition between the survivor and the heirs of the deceased spouse.

If the surviving husband has the right to control the community assets, and to administer them after his wife's death, so as to make *bona fide* settlements of its debts, he has equally the right to waive or omit specific defenses to suits and indisputable claims.

If, through fraud used by a surviving husband in community to injure the heirs of the wife, he should sell or otherwise dispose of the community property, it would seem that they would have a remedy by the provisions of art. 2404 of the Civil Code.

In this case the husband had by law the usufruct of the wife's half of the community property, consisting of the undivided half of the lands seized by the judgment creditors, no partition of the community property having been made. Nevertheless, without opposition on the part of the surviving husband, the public administrator came forth and administered on what he styled the estate of the deceased wife, and injoined the sale of the community property seized by judgment creditors of the community, and which is subjected to the payment of their judgment. This proceeding is irregular and illegal, and the injunction must be dissolved with damages.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn,* J. *M. Ryan* and *E. J. Bowman,* for plaintiffs and appellants. *Manning,* for defendants and appellees.

TALIAFERRO, J. This is an injunction suit. The Crescent City Bank and G. W. West having each a judgment against Whetty M. Sasser, issued executions and caused the undivided half of certain lands in the parish of Rapides to be seized by the sheriff. The public administrator injoined the sale on the ground that the lands seized

belonged to the succession of Mrs. Drucilla Sasser, and that the judgments upon which the executions issued were in no way binding upon her estate, her representative never having been made a party to the judgments. The administrator amended his petition and pleaded the prescription of five years against the note upon which the judgment of the Crescent City Bank was rendered. Subsequently Whetty M. Sasser died. The court dissolved the injunction without damages, and the administrator of Mrs. Sasser appealed.

The counsel for the defendants in injunction took a bill of exceptions to the permission granted by the court for an amended petition to be filed by the plaintiffs, the suit being an injunction suit, and all the matters of law or fact that can justify the issuing such process could and should be alleged and pleaded in the original petition. The amended petition was admitted. It contained only the plea of prescription, which may be pleaded at any stage of the proceedings. We think the ruling of the court correct. Civil Code art. 3464.

The facts of this case are that the community of acquets between Whetty M. Sasser and his wife Drucilla, was dissolved by the death of the latter in 1864. Their property was all community property. Mrs. Sasser, as it appears, did not bring anything into the marriage, and never acquired anything by inheritance or donation during the long existence of the community of thirty years. A large amount of property seems to have been accumulated by the community, and against it there was a large amount of debts. It appears that other judgment creditors of Sasser had, prior to the seizures made by the present defendants, seized under executions the lands belonging to the community, and their seizures were injoined by the administrator to the extent of an undivided half, on the ground that it was the property of the succession of Drucilla Sasser; the other half was sold and the proceeds satisfied the executions. The undivided half seized by the defendants in this suit, the plaintiff alleges, as before stated, is the property of Drucilla Sasser's estate, under his administration as the public administrator of the parish.

The position assumed by the plaintiff's counsel is, that the husband does not represent the community after its dissolution, and the heirs must be joined with him in a suit to affect their interest, and cites 1 Rob. 378, where it is laid down that "the creditor who wishes to hold the heirs of the wife responsible for a community debt must join them in his suit against the husband, for the latter no longer represents a community which is at an end." The suit of the Crescent City Bank against Sasser was brought in 1867, four years after the death of his wife. The note sued on was due first of March, 1862, and petition and citation were served on the twenty-second of April, 1867. Sasser on

the same day confessed judgment on the note, recognizing the mortgage as set forth in the petition. The other seizing creditor, West, obtained judgments against Sasser in 1865 and 1866.

It is argued that the husband has no power to create obligations against the community after its dissolution, and therefore his confession of judgment in the case of the Crescent City Bank has no effect against the heirs of Mrs. Sasser, for the authority to acknowledge a debt prescribed is equal to the authority to create a debt, referring to 1 An. 331. It is further contended that every debt of the community is a debt against the heirs of the wife, and these debts can not be fixed and adjudicated upon, without their being parties to the judicial proceedings which decree them; that the administrator of Mrs. Sasser having accepted her succession, it is bound for one-half the debts of the succession, and stands in relation to the bank claim as a joint debtor. Therefore it is held, her administrator has the right to plead prescription against it; that without citation or notice the judgment of the bank against Sasser is not *res adjudicata* as to her.

These views of the relations that exist between the heirs of a deceased wife in community and the creditors of that community are not, we apprehend, in consonance with the laws and the general jurisprudence on the subject. The debts of the community during its existence are the debts of the husband. The property of the community is liable for the payment of them. Even more, the community property may be taken to pay debts of the husband contracted before the marriage. 13 An. 396; 2 An. 226; 3 An. 615.

Upon the dissolution of the community by the death of the wife, the responsibility of the husband in regard to the community debts, is not changed. He is absolutely and personally bound for their payment; and his separate property may be seized and sold for their acquittal. This being his position, he has under his control the community property which by law is expressly subjected to the payment of the community debts; and he has, so far as the final settlement and liquidation of the community after its dissolution is concerned, the same rights he had during its existence; because he is, after the dissolution, under the same responsibilities for the community debts that he was before the dissolution. It is but just that he should have those powers. The community property continues under his control until the debts are paid. Until their final settlement and discharge, the heirs have no absolute rights to the property of the community that can be legally recognized. Their interest in it continues contingent and uncertain, until by the result of the final discharge of all the obligations of the community, it is known whether or not there are assets remaining for partition between the survivor and the heirs of the de-

ceased spouse. This doctrine has been uniformly recognized in our jurisprudence as appears from a long chain of decisions. Among the more recent cases we refer to 24 An. 534 and 543; 25 An. 379. We determined in a late case, Baird v. The Heirs of Sprowl, 23 An. 424, that "a judgment creditor of the surviving spouse may seize and sell an asset of the community in satisfaction of his demand, and the heirs of the deceased partner can not set up their residuary rights by way of injunction." In the case of Rush v. Warren 25 An. 314, we held that the surviving husband in community has the right to make *bona fide* settlements for the payment of debts of the community. If the surviving husband has the right to control the community assets, and to administer them after his wife's death, so as to make *bona fide* settlements of its debts, he has equally the right to waive or omit specific defenses to suits, and indisputable claims.

In the case under consideration, Sasser, before the dissolution of the community, would have had the undoubted right to waive prescription and confess judgment, in the case of the debt against the community held by the Crescent City Bank. His right to do so after the dissolution, we think continued.

If, through fraud used by a surviving husband in community to injure the heirs of the wife, he should sell or otherwise dispose of the community property, it would seem that they would have a remedy by the provisions of article 2404 of the Civil Code.

The proceedings in this case, we think, rather anomalous. When they were commenced, Sasser, the survivor in community, was living and unmarried. He had by law the usufruct of the wife's half of the community property, which consisted then of the undivided half of the lands seized by the judgment creditors, no partition of the community property ever having been made. Nevertheless, without opposition on the part of Sasser, the public administrator came forth and administers upon what he styles the estate of Drucilla Sasser, and injoins the sale of the community property seized by judgment creditors of the community and which is subjected to the payment of their judgments.

We think the proceedings irregular and illegal. The defendants, in their answer, prayed a dissolution of the injunction and for damages. We conclude, from the character of this case, the judgment of the lower court should be amended by decreeing damages.

It is therefore ordered that the judgment appealed from be amended by decreeing that O. K. Hawley, administrator, plaintiff in this case, pay the defendants the sum of one hundred and fifty dollars as damages for the wrongful suing out of the injunction and all costs of suit, and as thus amended that the judgment be affirmed.