No. 2662

Second Circuit

---

HILL v. ABELL, SHERIFF, ET AL.

---

(Jan. 28, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Marriage—Par. 97, 99, 102.

In view of Articles 2363, 2371 and 2386 of the Civil Code, the fruits of a farm separately owned and separately administered by a wife are separate property of the wife and do not fall

into the community merely because the husband contributed his services in making the crops, as agent of his wife.

Appeal from the Fifth Judicial District Court of Louisiana, Parish of Richland. Hon. John R. McIntosh, Judge.

Action by Bell Hill against A. A. Abell, sheriff, et al.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

Tobin R. Hodge, of Rayville, attorney for plaintiff, appellee.

Ellis & Ellis, of Rayville, attorneys for defendants, appellants.

ODOM, J.    Plaintiff brings this suit to restrain the sheriff of Richland parish from selling an undivided one-half interest in certain cotton and corn which he had seized under a judgment against her husband, James Hill. She claims that the cotton and corn seized are her separate, paraphernal property and not subject to her husband's debts.

There was judgment in the district court in favor of the plaintiff and the defendants appealed.

## OPINION.

The plaintiff is the wife of James Hill, with whom she lived in community. She owned, as her separate, paraphernal property, forty acres of land which she acquired by inheritance from the succession of her father and mother. From the date on which this property was set apart to her, January 22, 1921, she has had the exclusive management, control and administration thereof. She and her husband resided on the property, but her husband did not administer it.

On June 19, 1925, the Hanna Motor Company obtained judgment against her husband, James Hill, on a promissory note dated May 12, 1921. The debt evidenced by this note was created by the husband previous to his marriage with the plaintiff.

In the latter part of 1925, the Hanna Motor Company attempted to execute its judgment against James Hill by seizing an undivided half interest in five bales of cotton and eighty-five bushels of corn produced on plaintiff's property during that year, upon the theory that the crops belonged to the community and that one-half interest therein was subject to the debts of the husband.

If, as contended by defendants, the crops belonged to the community, they are subject to the debts of the husband and may be seized and sold to pay them, even though the debts were created prior to the establishment of the community.

Davis vs. Compton, sheriff, 13 La. Ann. 396.

Meadows vs. Dick, 13 La. Ann. 377.

Guice vs. Lawrence, 2 La. Ann. 226.

Glenn vs. Elam, 3 La. Ann. 615.

Hawley vs. Bank, 26 La. Ann. 230.

If the community property be sold to pay the husband's debts, it must be sold, of course, subject to the community debts.

Thompson vs. Vance, 110 La. 26, 34 So. 112.

As there are no community debts involved here, it follows that if the crops seized belonged to the community the judgment creditors of the husband could have seized and sold the entire interest therein to satisfy his debts.

But it is contended by plaintiff that the crops do not belong to the community; and that is the sole question to be determined.

The lower court held that the crops seized were the separate, paraphernal property of the wife, and we think, under the facts disclosed by the record that holding is correct.

The land on which the crops were produced is the separate, paraphernal property of the wife. She and her husband occupied it as a homestead, but she retained the separate management, control and administration thereof.

In the year 1925, the wife, who is a colored woman, with her own labor and with the assistance of a hired hand and with the use of at least one mule and farming implements which belonged to her, prepared the land and planted the crops. The husband, who was in the habit of abandoning his wife at intervals, was absent when the crops were planted but returned afterwards and assisted in their cultivation. Just how much of his time he devoted to the cultivation of the crops is not clear, but he rendered his wife some assistance. However, we gather that the wife and the hired hand who, it seems, did not remain throughout the year, did most of the work in making the crops.

She borrowed money with which to make the crops without the assistance of her husband. Everything advanced for making the crops was advanced to her and upon the faith of her credit and not upon the credit of the community. This, according to the testimony of all the witnesses, had been the custom ever since she was married. When she borrowed money for the place, she signed the notes individually, without the husband's assistance. When she bought goods, they were charged to her and not to the husband. She sold the crops and collected and deposited the proceeds to her account and paid her debts.

So that not only did she retain the control and management of the property, but she had the entire supervision of all farming operations, including the disposition of the crops and the handling of the proceeds.

It is true that in the year 1925 the crops that were seized were produced largely by her own labor, and counsel for defendants contend that, for that reason, the crops belonged to the community; but they cite no authority in support of their contention. They say, in brief—

"It must be admitted that the earnings of both the husband and wife fall into the community."

As an independent proposition, that is true, for Article 2402 of the Civil Code so provides, and it has been held that the earnings of a wife who keeps a boarding-house (Isaacson vs. Mentz, 33 La. Ann. 595; Succession of Pinard vs. Holten, 30 La. Ann. 171), or who operates a sewing machine (30 La. Ann. 171) fall into the community. (But, see Act 186 of 1920.)

But the point here involved is to be determined not upon the provisions contained in the above cited article of the Code, nor upon the holdings in the cited cases, but under Article 2386 of the Civil Code, which reads, in part, as follows:

"When the paraphernal property is administered by the husband, or by him and the wife indifferently, the fruits of this **property, whether natural, civil, or the result of labor, belong to the conjugal partnership, if there exist a community of gains."** (Bold type ours.)

The converse of that proposition is equally true. Where the paraphernal property of the wife is administered by her, the fruits of the property, whether natural, civil, or the result of labor, are hers. It was specifically so held in the case of

Rouyer vs. Carroll, 47 La. Ann. 768 (see page 778).

In that case the property involved was purchased in the wife's name for part cash and for the balance she gave notes. She testified that she paid the notes—

" * * * From saving rents and also from pieces of property and my own work, my own industries."

With respect to the portion of the money which the wife in that case derived from her own work and her own industries, counsel contended that it became an asset of the community; but the court, citing Article 2386 of the Code, held to the contrary, because it was obvious that her earnings arose from her efforts in operating property which belonged to her and which she administered.

In the case at bar, the crops produced on this property were fruits and were produced as the result of labor. It does not matter whether they were produced by the labor of the wife or by her and the husband conjointly; they belonged to the wife who owned and had exclusive management and administration of the property. They did not fall into the community.

In the case of Lambert vs. Franchebois, 16 La. 1 (5), the court said:

"It is perfectly clear that the paraphernal property of a married woman is not bound for the debts contracted by the husband; and that the fruits, proceeding from such property, do not belong to the community unless the wife permits the husband to administer it."

Citing Civil Code, Article 2363 (2386) and Article 2371 (2402).

It would be conceded, we think, that in case a wife living in community with her husband but who retained the administration of her paraphernal property devoted her time and energies as an overseer or manager of her plantation and produced crops, the crops would not fall into the community and become subject to the husband's debts.

Then why should crops produced on her property under like circumstances with the labor of her own hands be subject to a different rule?

It would be conceded also, we think, that if the husband had contributed his services in making the crops as overseer but as agent for his wife, the crops would be hers and not subject to his debts.

Then why should he own an interest therein because he had contributed to the making of them with the labor of his hands?

Belle Hill owned the land, she administered it, she procured the money and supplies to make the crops, and the debts created for such money and supplies were her debts and not the debts of the community.

The crops were therefore her separate property.

For the reasons assigned, the judgment appealed from is affirmed with costs.