**GOLDSTEIN v. UNITED STATES.**
Civ. A. No. 8769.

United States District Court
D. Massachusetts.

June 7, 1950.

Thomas V. Moriarty, Ralph W. Crowell, Springfield, Mass., for plaintiff.

George F. Garrity, U. S. Atty., and Philip T. Jones, Asst. U. S. Atty., both of Boston, Mass., Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe and Mamie S. Price, Sp. Assts. to Atty. Gen., for defendant.

SWEENEY, Chief Judge.

In this action the plaintiff seeks to recover an alleged overpayment of interest on an income tax deficiency assessed and collected by the defendant.

### Findings of Fact

This case was submitted on a stipulation and briefs, and the Court accepts and adopts the facts in the stipulation as its findings of fact. It shows that, for the taxable years 1940 and 1941, the defendant claimed deficiencies in respect to each year in the amounts of $3,660.09 and $9,978.07, respectively. It was subsequently determined after conferences between the parties that the proper deficiencies were in lesser amounts, and an Agreement Form, No. 870TS, was signed and filed. This was done on October 26, 1944. The question to be decided here is when the 6% interest provided by statute ceased to run on these two amounts. This will be determined in accordance with our construction of Sections 272(d) and 292(a) of the Internal Revenue Code, 26 U.S.C.A. §§ 272(d), 292 (a). The amounts of interest paid on the two deficiencies between November 26, 1944, and February 1, 1946, were, respectively, $255.79 and $544.46. It is these amounts which the taxpayer says were illegally collected.

The Form 870TS referred to above is captioned as "Offer of Waiver of Restrictions on Assessments and Collection of Deficiency in Tax", and although it was filed on October 26, 1944, it was not considered and accepted by the Commissioner until January 15, 1946, some fifteen months later. The defendant contends that interest was running all during this period of its own delay. The taxpayer insists that, in accordance with the statutes involved, the interest ceased to run thirty days after he filed the Form 870TS.

The taxpayer was enabled to file this waiver by Section 272(d) of the Internal Revenue Code which provides: "Waiver of restrictions. The taxpayer shall at any time have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subsection (a) of this section on the assessment and collection of the whole or any part of the deficiency."

And Section 292(a) of the Internal Revenue Code states that : "Interest upon the amount determined as a deficiency * * shall be collected * * * in the case of a waiver under section 272(d), to the thirtieth day after the filing of such waiver * * *".

Reading these two sections together, it seems clear that Congress had in mind stopping interest thirty days after the filing of a waiver, and not thirty days after the acceptance of a conditional waiver by the Commissioner.

The Commissioner contends that, although Section 292(a) causes interest to cease to run a month after a waiver is filed, the document filed by the taxpayer was not a waiver on October 26, 1944, because by filing it he surrendered no rights whatsoever and retained all the benefits afforded him by Section 272. He concludes that the document which the taxpayer filed became a "waiver" within the meaning of the terms of Sections 272(d) and 292(a) on January 15, 1946, when the Commissioner accepted his offer to waive.

The short answer to this contention is that, even though the document filed by the taxpayer on October 26 was a revocable waiver, by filing it he surrendered his immunity from the risk of losing his rights under Section 272(a) should the Commissioner accept his offer to waive. A document which surrenders an immunity is a waiver, as well as one which surrenders a right. Therefore, the taxpayer filed a "waiver" on October 26, 1944, within the meaning of Section 272 and caused interest on his deficiency to cease to run on the thirtieth day following that date so long as he eventually paid the deficiency, which he did.

## Conclusions of Law

From the foregoing I conclude and rule that interest ceased to run on the plaintiff's deficiency thirty days after October 26, 1944.

Judgment may be entered for the plaintiff in accordance with the above with such interest as is allowed by statute.