**UNITED STATES v. GOLDSTEIN.**

No. 4555.

United States Court of Appeals.
First Circuit.

June 13, 1951.

Mamie S. Price, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack and Robert N. Anderson, Sp. Asst. to Atty. Gen., and George F. Garrity, U. S. Atty. and Philip T. Jones, Asst. U. S. Atty., both of Boston, Mass., on brief), for appellant.

Thomas V. Moriarty, Springfield, Mass. (Ralph W. Crowell, Springfield, Mass., on brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment for the plaintiff in the sum of $800.25 with interest thereon from September 20, 1946, which was entered October 5, 1950, in the United States District Court for the District of Massachusetts in accordance with the opinion of the court handed down June 7, 1950. 92 F.Supp. 589.

The case was submitted to the district court on a stipulation and briefs, and it accepted and adopted the facts in the stipulation as its finding of fact.

The stipulation filed April 20, 1950 is as follows:

"The plaintiff seasonably filed income tax returns for the taxable year 1940 and for the taxable year 1941 and paid to the de-

fendant the taxes due under said returns. Subsequently, the defendant claimed deficiencies in respect to each of said returns filed for the calendar years 1940 and 1941; the deficiency claimed for the year 1940 being in the amount of $3,660.09 and the deficiency for the year 1941 being in the amount of $9,978.07. The taxpayer objected to these further assessments and sea-sonably filed a protest setting forth his grounds for his objections. Following field proceedings and conferences with the New England Division, Technical Staff, the taxpayer, on October 25, 1944, agreed to the determination of net deficiencies in income tax for the years 1940 and in 1941 in amounts of $3,103.44 and $6,920.97, respectively. Agreement Form 870TS [1] was then

---

1. Form 870–TS
Treasury Department
Internal Revenue Service
(Revised Sept. 1941)

In re Nathan E. Goldstein
74 Marengo Park
Springfield, Massachusetts

Offer of Waiver of Restrictions on Assessments and Collection of Deficiency in Tax.

C–TS:NED
SJM

Received
Oct. 26, 1944.

Accepted Jan. 15, 1946.
(Date)

(s) G. F. Towers,
(Head of Division)

"Pursuant to the provisions of section 272 (d) of the Internal Revenue Code [26 U.S.C.A. § 272(d)], and/or the corresponding provisions of prior internal revenue laws, the undersigned offers to waive the restrictions provided in section 272 (a) of the Internal Revenue Code, and/or the corresponding provisions of prior internal revenue laws, and hereby offers to consent to the assessment and collection of the following deficiency or deficiencies in tax:

taxable year ended December 31, 1940—

income tax in the sum of $3,103.44

taxable year ended December 31, 1941—

income tax in the sum of $6,920.97

\* \* \* \* \* \* \* \* \* \* \* \* \*

amounting to the total sum of _____$10,024.41
together with interest thereon as provided by law.

"This Offer of Waiver of Restrictions is subject to acceptance by or on behalf of the Commissioner of Internal Revenue, on the basis of the adjusted liability as hereinabove proposed, and is to take effect as a waiver of restrictions then filed with the Commissioner, from the date said adjusted liability is accepted by or on behalf of the Commissioner as a basis for the closing of the case, and if not thus accepted will have no force or effect.

"If this proposal is accepted by or on behalf of the Commissioner the case shall not be reopened nor shall any claim for refund be filed or prosecuted respecting the taxes for the year(s) above stated, in the absence of fraud, malfeasance, concealment or misrepresentation of material fact, or of an important mistake in mathematical calculations; and the taxpayer also agrees: (1) To make payment of the above deficiency, together with interest, as provided by law, promptly upon receipt of notice and demand from the Collector of Internal Revenue, and not to file an offer in compromise respecting such liability; and (2) upon request of the Commissioner to execute at any time a final closing agreement as to the tax liability, on the foregoing basis, for said year(s) under the provisions of section 3760 of the Internal Revenue Code [26 U.S.C.A. § 3760].

"(s) Nathan E. Goldstein,
(Taxpayer).

"Date Oct. 25/44.

"Note.—The execution and filing of this waiver at the address shown in the accompanying letter will expedite the adjustment of your tax liability as indicated above. It is not, however, a final closing agreement under section 3760 of the Internal Revenue Code, nor does it extend the statutory period of limitation for refund, assessment, or collection of the tax.

\* \* \* \* \* \* \* \* \* \* \* \*

"Exhibit A."

signed and filed. On October 31, 1944, a Collateral Agreement Form, signed by five related taxpayers, was filed with the Technical Staff. The receipt of these agreements on October 26, 1944, and November 1, 1944, respectively, was acknowledged in a letter from the Technical Staff dated November 2, 1944.

"The Technical Staff later, on January 10, 1945, advised the plaintiff that the tax return filed for the year 1941 by one of the related taxpayers could not be found in the files of the Collector of Internal Revenue. Thereupon on March 5, 1945, the plaintiff secured and submitted evidence in the form of an affidavit and photostat of a cancelled check that the return in question had been filed and the tax paid thereon.

"In a letter dated January 15, 1946, the taxpayer was advised of the Commissioner's approval of the settlement. Thereafter, on or about February 5, 1946, the taxpayer received from the Collector of Internal Revenue, statements of the additional taxes assessed and due together with interest computed to February 1, 1946, in the amounts of $908.67 for the year 1940 and $1,611.16 for the year 1941. On February 11, 1946, the taxpayer forwarded to the Collector of Internal Revenue his check in payment of the additional taxes together with an objection to the computation of interest. The taxpayer's letter was not replied to by the Collector. The taxpayer's objection was based upon the fact that under date of October 25, 1944, the taxpayer signed and filed an offer of waiver (Form 870-TS, a copy of which is hereto attached marked Exhibit A) under Section 272(d), I.R.C., offering to consent to the assessment of the amounts subsequently paid. This waiver was received in the office of the New England Division, Technical Staff, Boston, Massachusetts, on October 26, 1944, as acknowledged in a letter from said office dated January 10, 1945.

"On or about September 20, 1946, under threat of distraint proceedings, the taxpayer paid, under protest, the interest demanded. The taxpayer claimed that the interest assessed for the year 1940 was excessive in the amount of $255.79 and excessive in the amount of $544.46 for the year 1941. The present action was brought for the purpose of recovering these two sums of money together with interest thereon from February 11, 1946, as provided by statute."

In its opinion issued June 7, 1950, the district court held that the Form 870-TS filed with the technical staff by this taxpayer became a waiver, within the meaning of Section 272(d) of the Internal Revenue Code, upon the date it was received by the technical staff, October 26, 1944, and that, under the provisions of Section 292 of the Internal Revenue Code interest on the tax deficiencies ceased to run thirty days after October 26, 1944.

A motion for rehearing and request for oral argument was filed by the government on June 22, 1950, together with a memorandum in support of motion for rehearing. Argument on the government's motion and request was heard by the district court on September 18, 1950, and taken under advisement. On September 29, 1950, the motion was denied.

The question for determination in this case is the date upon which a Form 870-TS, executed by the taxpayer, became effective as a waiver within the meaning of Section 272(d) of the Internal Revenue Code; that is, whether the offer of waiver contained in that Form became effective as such waiver on the date it was received by the Technical Staff of the Bureau of Internal Revenue, or upon the date the proposed adjustments set out therein were accepted on behalf of the Commissioner.

A reading of the "offer" in our foot note, supra, clearly reveals its conditional character. It was "subject to acceptance by or on behalf of the Commissioner of Internal Revenue on the basis of the adjusted liability as hereinabove proposed" and was "to take effect as a waiver of restrictions then filed with the Commissioner, from the date said adjusted liability is accepted by or on behalf of the Commissioner as a basis for the closing of the case, and if not thus accepted will have no force or effect." Although filed October 25, 1944, the "offer" was not accepted until January 15, 1946.

The argument of the taxpayer that the delay was occasioned by the government's investigation and that the taxpayer should not be "penalized" for interest during that delay is without merit.

If the taxpayer wished to avoid the running of interest he could do so by depositing with the Collector the amount of the proposed deficiency, which amount could be held in the Collector's suspense account pending final determination of the taxpayer's liability. See Rosenman v. United States, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535. Rather, he chose to keep the money and await the acceptance or rejection of his "offer". During this period of waiting he had the use of the money due the government. Interest is compensation for the use of money and is exacted because of delay in payment of the tax. It is not a penalty. See United States v. Childs, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299; Owens v. Commissioner of Internal Revenue, 10 Cir., 125 F.2d 210, certiorari denied 316 U.S. 704, 62 S.Ct. 1308, 86 L.Ed. 1772.

The taxpayer could also have stopped the running of interest on the proposed deficiency by filing waiver Form 870, rather than Form 870–TS. Form 870 is an express, unconditional waiver under § 272(d), authorizing the Commissioner immediately to assess and collect the deficiency agreed to, and thus stopping the running of interest on this amount thirty days after the waiver is filed, as provided in § 292. However, according to its terms, the filing of Form 870 does not preclude "the assertion of a further deficiency in the manner provided by law should it subsequently be determined that additional tax is due". It therefore differs in this important respect from Form 870–TS which upon acceptance by the Commissioner prevents him from claiming any further deficiencies for the years involved "in the absence of fraud, malfeasance, concealment or misrepresentation of material fact, or of an important mistake in mathematical calculations".

The restrictions referred to in § 272(a) are on the Commissioner and are in the taxpayer's interest. They restrict the Commissioner in that "No assessment of a deficiency * * * and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final."

Upon the filing of Waiver Form 870 by the taxpayer, the Commissioner could immediately assess and collect the deficiency. But upon the filing of an "offer" of waiver, Form 870–TS, it does not appear that the Commissioner could immediately assess and collect the deficiency. Rather he, the Commissioner, investigates the offer and accepts or rejects it. Had he rejected it, the restrictions under § 272(a) as to the notice, the 90 day waiting period, etc. would be binding on the Commissioner. Had he sought to collect a deficiency before the offer was accepted by him, he might have been enjoined for the reason that there had been no waiver filed but merely an "offer of waiver". See Associated Mutuals v. Delaney, 1 Cir., 176 F.2d 179, 11 A.L.R.2d 896; Ventura Consolidated Oil Fields v. Rogan, 9 Cir., 86 F.2d 149, 154.

The important and undisputed fact here is that the taxpayer filed Form 870–TS, which is clearly conditional on its face, and that he did not file Form 870, which is not conditional. We conclude that the filing of Form 870–TS, in the circumstances here, does not satisfy the definition of waiver so as to stop the running of interest.

Since we conclude that the offer of waiver was not effective as a waiver until its acceptance by the Commissioner, the plaintiff is not entitled to the amount of interest in dispute here.

The judgment of the district court is, accordingly, reversed.