**COLUMBIAN CARBON CO. et al. v. UNITED STATES.**

No. 41862.

Court of Claims.

May 29, 1933.

Harry J. Gerrity, of Washington, D. C. (Henry W. Clark and Reid L. Carr, both of New York City, on the brief), for plaintiffs.

John W. Hussy and W. W. Scott, both of Washington, D. C., for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The sixty-day deficiency notices from which plaintiffs had a right to institute a proceeding before the United States Board of Tax Appeals were mailed December 21, 1927, and the sixty-day period for taking the case to the Board expired February 19, 1928. No proceeding was instituted before the Board, but on February 7, 1928, plaintiffs signed and filed with the Commissioner's office a waiver of their right to take the case before the Board of Tax Appeals. This waiver was made subject to the approval by the Commissioner of certain adjustments agreed upon between plaintiffs and the Commissioner's representative. Plaintiffs contend that the execution and filing of this waiver operated to remove the restriction upon the authority of the Commissioner to assess until the expiration of sixty days after the mailing of the deficiency notices and started the running of the statute of limitation of sixty days allowed the Commissioner to assess by section 277 of the Revenue Act of 1926 (26 USCA § 1057 and note) and the waivers of the statute of limitation theretofore filed, and that the sixty days allowed the Commissioner to assess the deficiencies, after the filing of the waiver of the right of appeal to the Board of Tax Appeals, expired on April 8, 1928. Plaintiffs insist therefore that the deficiencies were barred at the time they were assessed on April 28, 1928.

The waiver of the right to take the cases to the Board of Tax Appeals was conditional upon the approval by the Commissioner of certain adjustments in the deficiencies specified in the waiver. The Commissioner approved the adjustments demanded by plaintiffs on March 15, 1928, and notified them of such approval on that date. The deficiencies were assessed forty-four days after the approval of the adjustments on March 15, 1928.

The question for decision is whether the sixty days allowed the Commissioner within which to assess deficiencies, after the removal of the restriction upon assessment for sixty days after mailing of the deficiency notice, should be computed from February 7, 1928, when the waiver of the right to take the case to the Board of Tax Appeals was filed, or from March 15, 1928, when the Commissioner approved the adjustments specified in such waiver. It is not necessary in this case to decide whether an unconditional waiver of the right to file the petition with the Board with respect of a specified portion of a deficiency would start the running of the statute of limitations so as to require the Commissioner to assess such portion within sixty days after the filing of the waiver. The fact that the waiver by plaintiffs in this case was conditional upon the approval of certain adjustments reducing the deficiencies asserted, rendered it ineffective as a waiver contemplated by section 274 (d) of the Revenue Act of 1926 (26 USCA § 1048b) as to any portion of the deficiencies until the adjustments were approved by the Commissioner. Under the terms of the waiver the plaintiffs reserved the right to take the entire deficiencies before the Board of Tax Appeals if the adjustments agreed upon between them and the Commissioner's representative should not be approved by the Commissioner. This, we think, is sufficient to dispose of the present controversy inasmuch as the tax and interest sought to be recovered were assessed within sixty days after the Commissioner approved the adjustments on March 15, 1928. The waiver in the present cases did not unequivocally confer upon the Commissioner authority immediately to assess the whole or a specific portion of the deficiencies, or any other right not otherwise given by the statute, until he had approved the adjustments requested. Had he declined to approve the adjustments specified, the plaintiffs would have been free to contest the entire deficiencies before the Board of Tax Appeals.

We are of opinion that the deficiencies and interest were duly assessed, and the petition must be dismissed. It is so ordered.

BOOTH, Chief Justice, did not hear this case on account of illness and took no part in its decision.