**ALGODON MANUFACTURING COMPANY, Inc., Appellant,**

v.

**Edwin GILL, Formerly Collector of Internal Revenue, Appellee.**

**No. 7328.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 16, 1957.

Decided April 1, 1957.

Morris B. Abram, Atlanta, Ga. (Charles F. Wittenstein, Atlanta, Ga., on the brief), for appellant.

Carolyn R. Just, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Hilbert F. Zarky, Attys., Dept. of Justice, Washington, D. C., and Edwin M. Stanley, U. S. Atty., Greensboro, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and WILLIAMS, District Judge.

SOBELOFF, Circuit Judge.

Algodon Manufacturing Company reached an agreement with the Commissioner of Internal Revenue as to the principal sum of the tax deficiency due by it, but because of the manner in which the settlement negotiations were conducted, a controversy developed concerning the computation of interest on that deficiency.

The taxpayer sued to recover the interest which it claims was erroneously and illegally collected from it: $7308.69 and $784.48, accruing upon tax deficiencies determined for its fiscal years 1944 and 1945, respectively. The taxpayer claims that under the law, interest should have ceased running on July 18, 1951, thirty days after it filed certain documents with the Commissioner. The Commissioner insists that interest continued to accrue until June 12, 1952, which is thirty days after the Tax Court entered its decision.

The documents which were filed are, first, an "Agreement to Stipulate," which pertained to the portion of the case then pending in the Tax Court of the United States; second, a modified form of Treasury Form 874, known as a "Waiver of Restrictions on Assessment," which pertained to the portion of the case then still pending before the Bureau. The amounts offered by the taxpayer in these documents were less than the Commissioner was claiming. The offers related to the principal amount only of the deficiencies. The interest question was not involved or dealt with at that time, for in practice interest is computed at the time of payment.

The taxpayer points to the language of Section 292(a), Internal Revenue Code, 1939, 26 U.S.C.A. § 292(a) that interest is to be collected in the case of a waiver under Section 272(d) only to the thirtieth day after the *filing* of such waiver, or to the date the deficiency is assessed, whichever is the earlier. Section 272(d) relates to the waiver of restrictions and provides that the taxpayer shall at any time have the right by signed notice in writing filed with the Commissioner to waive restrictions provided in Subsection (a) on the assessment and collection of the whole or any part of the deficiency. Turning to Section 272(a), we find that it merely sets forth the normal procedure which the Commissioner must follow to assess and collect a deficiency unless the taxpayer files a waiver under Section 272(d). That procedure begins with the issuance of a ninety-day letter. The taxpayer contends that the documents he filed constituted a waiver within the meaning of the above sections and that, therefore, interest should have ceased thirty days after the filing. The Government's position is that since these documents were expressly conditioned on approval and acceptance by the Commissioner, the taxpayer waived no rights on the day of the filing and that the waiver did not become effective until the time of its acceptance. These conflicting contentions present the sole issue for our determination.

We think it indisputable from the record that the form 874 and the agreement to stipulate filed by the taxpayer were not unconditional, but required acceptance by the Commissioner. In support of its position, the taxpayer relies upon the particular language in form 874 that " * * * restrictions are * * * hereby waived and consent is given to the assessment and collection of the following * * * deficiencies. * * * " But if we broaden our perspective, as we must, to include the whole instrument, it becomes clearly apparent that it is conditioned upon acceptance. The document elsewhere says: "This waiver * * * *is subject to acceptance by or on behalf of the Commissioner* * * * on the basis of the adjusted liability * * * proposed, and *is to take effect as such only from the date* * * * *accepted by or on behalf of the Commissioner* * * * *and if not accepted will have no force or effect.*" (Emphasis ours.)

The same holds true for the agreement to stipulate, for although it contains the words " * * * petitioner hereby agrees to stipulate * * * ," it further declares that the agreement is to be effective *"in the event of the Commissioner's approval* of the basis of settlement * * * proposed," and that it is *"subject to the approval of the Commissioner."* (Emphasis ours.) In light of these plain words, it could hardly be said that filing alone was sufficient without acceptance to effect a waiver of the taxpayer's rights under Section 272(a). Columbian Carbon Co. v. U. S., 3 F.Supp. 536, 77 Ct.Cl. 768, certiorari denied 291 U.S. 672, 54 S.Ct. 458, 78 L.Ed. 1061; John M. Parker Co. v. Commissioner of Internal Revenue, 5 Cir., 49 F.2d 254, 256. Moreover, if this was not the understanding of the taxpayer itself, we could attach no significance whatsoever to a pertinent clause in the subsequent stipulation entered into by the parties in the Tax Court case that the taxpayer waived restrictions "effective upon the entry of the [Tax] Court's decision."

The taxpayer suggests that as the qualifying language was added to Form 874 by the Government's agents, it should be construed against the Government. It is a recognized rule of construction of agreements, that where the language is supplied by one of the contracting parties, any ambiguities should be resolved against him. See Southern Railroad Co. v. Coca Cola Bottling Co., 4 Cir., 145 F. 2d 304, 306. Where, however, language in an agreement is unambiguous, no occasion arises for invoking this rule.

Appellant relies heavily upon the decision in Clarage v. Woodworth, D.C.E.D. Mich., 24 A.F.T.R. 1177. The language of the waiver filed by the taxpayer in that case does not appear in the opinion and, hence, no convincing analogy can be made; but in any event, we think the case readily distinguishable. There the Commissioner's assessment was made prior to the time when the Tax Court's decision became final (six months after the rendering of the decision under the Internal Revenue Code of 1926, Sections 1001, 1005, 26 U.S.C.A. §§ 1140–1142, 1145, 1146, applicable in the Clarage case). Although such a procedure is permissible when Section 272(d) is unconditionally invoked by the taxpayer and restrictions on assessment are thereby removed, the Commissioner in the Clarage case never accepted the taxpayer's proposal, but merely issued the assessment. The Court thought this conduct on the Commissioner's part highly significant, for it manifested his own recognition that the waiver was unilateral and required no acceptance, and that in such circumstances, interest should cease thirty days after filing.

The taxpayer seems to concede that in our case, if Form 870–TS had been filed instead of the modified Form 874 and the agreement to stipulate, then there would have been merely an offer to waive, as in United States v. Goldstein, 1 Cir., 189 F.2d 752, 753, where a similar interest question was resolved against the taxpayer. We perceive no essential difference between the documents filed here and those in the Goldstein case. The wording is all but identical, the phrases connoting a requirement of acceptance by the

Commissioner being the same in both cases. Giving due weight to the similarity of language contained in the body of the instruments, it is not significant that the 870–TS filed in the Goldstein case was entitled "An Offer of Waiver," while the instruments filed here were not so entitled.

For the reasons stated, the judgment of the District Court is

Affirmed.